IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02561–EWN–MJW

TRACEY ULRICH,

     Plaintiff,

v.

CHARLES TUCKER a/k/a CHUCK TUCKER;
ELECTRONIC DATA SYSTEMS, INC., a Delaware Corporation,

     Defendants.

---

### ORDER AND MEMORANDUM OF DECISION

---

     This is a retaliatory-discharge case.  Plaintiff Tracey Ulrich ("Plaintiff"), alleges that the constructive termination of her employment by Defendant Electronic Data Systems Corporation ("Defendant EDS") occurred in violation of public policy.  Plaintiff also asserts a variety of other federal and state law claims against Defendant EDS and Defendant Charles Tucker ("Defendant Tucker").  This matter is before the court on "Defendant Electronic Data Systems Corporation's Motion to Dismiss," filed December 20, 2004.  Jurisdiction is premised upon 28 U.S.C. § 1331. (West 1993 & Supp. 2005).

### FACTS

*1.*    ***Factual Background***

The following facts are taken from the complaint and are assumed, for the purposes of deciding this present motion, to be true. During all relevant times, Plaintiff was employed by Defendant EDS.[1] (Pl.'s First Amend. Compl. and Jury Demand ¶ 5 [filed Oct. 26, 2004] [hereinafter "Am. Compl."].) Defendant Tucker was one of Plaintiff's co-workers employed at Defendant EDS. (*Id.* ¶ 6.) Plaintiff claims that approximately from December 2002 until June 2003, Defendant Tucker sexually harassed, assaulted, and battered her. (*Id.* ¶ 33.) This alleged sexually explicit behavior included, but was not limited to, making sexual jokes and comments, sexual advances or propositions, sexually suggestive comments about Plaintiff's clothes or body, leering, and repeated touching. (*Id.*) Plaintiff further alleges she apprized her supervisors/managers at Defendant EDS of the situation, and that they were, or should have been, aware of Defendant Tucker's conduct. (*Id.* ¶ 10.)

Although Plaintiff mentions prior incidents, she first reported Defendant Tucker's behavior to Defendant EDS around April of 2003. (Am. Compl. ¶ 8, 12-17.) Following an incident that involved Defendant Tucker placing his hand down the back of Plaintiff's pants while Plaintiff was on the phone with a customer, Plaintiff informed her managers at Defendant EDS of Defendant Tucker's assault. (*Id.* ¶¶ 16-17.) Defendant EDS subsequently cautioned Defendant Tucker to refrain from such behavior. (*Id.* ¶ 17.) Although Defendant Tucker temporarily heeded this chastisement for a number of weeks, Plaintiff alleges that, in May of

---

[1]According to Defendants, Defendant Electronic Data Systems Corporation was erroneously named in the caption of this case as Electronic Data Systems, Inc. Plaintiff does not argue with the contention.

2003, he groped her breasts while she was in her cubicle. (*Id.* ¶¶ 18-23.)  The next incident occurred on June 27, 2003.  Plaintiff wore a pair of overalls to work, with a semi-loose white tee-shirt underneath. (*Id.* ¶¶ 25-26.)  Defendant Tucker remarked that he liked her overalls because they "provide[d] easy access." (*Id.* ¶¶ 27, 29.)  He then followed her to her cubicle, placed his hands into her overalls, and inserted his finger into her anus as she sat down. (*Id.* ¶¶ 31-32.)  Following this attack, Defendant EDS terminated Defendant Tucker's employment. (*Id.* ¶¶ 35-36.)

Plaintiff contends that, as a direct result of her complaints and Defendant Tucker's subsequent dismissal, she was retaliated against by Defendant EDS. (Compl. ¶ 36.)  This alleged retaliation included, but was not limited to, being moved to a new, much smaller cubicle directly in front of one of her supervisors, being confined to her desk, being prohibited from speaking or interacting with her co-workers, being told to watch her back, and being made to feel as though she were at fault for Defendant Tucker's conduct. (*Id.* ¶¶ 38-39, 41-45.)  Plaintiff contends that, through these actions, Defendant EDS created a working environment so intolerable that any reasonable person would have resigned and thus constructively and wrongfully terminated her employment. (*Id.* ¶¶ 49-50).

**2.**   *Procedural History*

On May 2, 2004, Plaintiff filed a complaint in the District Court of Boulder County, Colorado, asserting claims only against Defendant Tucker. (Compl. and Jury Demand [filed May 2, 2004].)  On October 26, 2004, Plaintiff filed her amended complaint, which is now the operative complaint, asserting claims against Defendant EDS, as well. (Am. Compl.)  This

complaint sets forth the following eight claims for relief: claims against Defendant EDS:  (1) unlawful practices under 42 U.S.C. § 2000e-2(a)(1)(West 1994 & Supp. 2005), (2) retaliation under 42 U.S.C. § 2000e-3(a)(West 1994 & Supp. 2005), (3) wrongful/retaliatory employment termination, (4) outrageous conduct, (5)negligent supervision/retention.  Against Tucker, Plaintiff asserts claims for (6) assault, (7) battery, and (8) outrageous conduct.  *(Id.* ¶¶ 51-82.)

On December 13, 2004 Defendant EDS filed a notice of removal from the District Court of Boulder County, Colorado, to this court.  (Notice of Removal [filed December 13, 2004].) Thereafter, on December 20, 2004, Defendant moved to dismiss Plaintiff's third claim for relief (discharge in violation of public policy) for failure to state a claim upon which relief can be granted.  (Def. EDS's Mot. to Dismiss [filed December 20, 2004].)  Plaintiff filed its response on January 20, 2005, disagreeing with Defendant's arguments on each substantive point and arguing in the alternative that this court should permit Plaintiff leave to amend the complaint.  (Pl.'s Resp. in Opp'n to Def. EDS Mot. to Dismiss [filed January 20, 2005] [hereinafter "Pl.'s Resp."].)  Defendant EDS then filed its reply arguing that giving Plaintiff leave to amend the complaint would be futile, because her claim would still be subject to dismissal.  (Def. EDS's Reply in Sup. of its Mot. to Dismiss [filed February 7, 2005].)

**ANALYSIS**

*1.*      *Standard of Review*

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should only dismiss claims "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle [her] to relief, accepting the well-pleaded allegations of

the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir. 1997]).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir. 1999]).

**2.**      ***Wrongful/Retaliatory Discharge Under Colorado Law***

Colorado law presumes that "an employee who is hired for an indefinite period of time is an 'at-will employee' whose employment may be terminated by either party without cause and without notice." *Armani v. Maxim Healthcare Servs., Inc.*, 53 F. Supp. 2d 1120, 1131 (D. Colo. 1999) (quoting *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 [Colo. 1987]).  This presumption, however, is not absolute.  *See Keenan*, 731 P.2d at 711 (Colo. 1987)(noting that this presumption should be rebuttable under certain circumstances).  In particular, the Colorado Supreme Court has carved out a narrow exception for the termination of employment that occurs in violation of public policy.  *See Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 108 (Colo. 1992).  "The essence of the public-policy exception is that an employee will have a cognizable claim for wrongful discharge 'if the discharge of the employee contravenes a clear mandate of public policy.'" *Id.* at 107 (quoting *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1089 [Wash. 1984]).

An employee states a prima facie case for retaliatory termination in violation of public

policy by proving the following elements.

> [1] That the employer . . . prohibited the employee from . . .
> exercising an important job-related right or privilege; [2] that the
> action directed by the employer . . . would undermine a clearly
> expressed public policy relating to . . . the employee's right or
> privilege as a worker; and [3] that the employee was terminated as
> the result of refusing to perform the act directed by the employer,"
> and [4] that the employer was aware that the employee, in refusing
> to comply with the employer's directives, had a good faith belief
> that the employee's actions were consistent with his statutory
> rights or privileges as a worker.

*Cordova v. A.E. Staley Mfg.*, 1997 U.S. App. LEXIS 60, 8 (10th Cir. 1997)(alterations in

original)(quoting *Lorenz*, 823 P.2d at 109).

Successful claims under this exception have included employee termination for

> (1) refusal to participate in illegal activity; (2) the employee's
> refusal to forsake the performance of an important public duty or
> obligation; (3) the employee's refusal to forego the exercise of a job-
> related legal right or privilege; (4) the employee's "whistleblowing"
> activity or other conduct exposing the employer's wrongdoing; and
> (5) the employee's performance of an act that public policy would
> encourage under circumstances where retaliatory discharge is
> supported by evidence of employer's bad faith, malice, or
> retaliation.

*Lorenz*, 823 P.2d at 107 (citations omitted).

The scope of this exception is limited, however, and "not all potential sources of public

policy are of sufficient gravity to outweigh the precepts of at-will employment." *Armani*, 53 F.

Supp. 2d at 1132 (quoting *Crawford Rehabilitation Servs., Inc. v. Weissman*, 938 P.2d 540, 553

[Colo. 1997]).  Defendant EDS contends that Title VII provides Plaintiff with adequate remedies to address the alleged retaliation.  Accordingly, it claims that her state common law claim is barred, and that therefore Plaintiff has failed to state a claim upon which relief may be granted.

**3.      Validity of Plaintiff's Common Law Claim**

Plaintiff's wrongful discharge in violation of public policy claim is based on her alleged wrongful termination by Defendant EDS because of her complaints of the harassment she suffered at the hands of Defendant Tucker.  *See* Pl.'s Resp. at 4.  Generally there is no question that the discharge of an employee for making charges of sexual harassment is against the public policies set forth by Title VII.  *See* 42 U.S.C. § 2000e-3.  However, Plaintiff asserts her state law claim on the theory that Defendant EDS's constructive termination of her employment was tortious in light of the public policies evinced by Colorado law.  *See* Pl.'s Resp. at 4; *see also* C.R.S. 18-8-115 (stating that there is a duty on the part of "every corporation and person who has reasonable grounds to believe that a crime has been committed to report promptly the suspected crime to law enforcement authorities").

Plaintiff relies on *Lathrop v. Entenmann's, Inc.*, 770 P.2d 1367, 1372 (Colo. Ct. App. 1989), for the proposition that "an employer incurs liability to an employee by discharging that employee in violation of the state's public policy, if the public policy involved is reflected in a statute that creates a specific right or duty."  Plaintiff asserts that through its enactment of the statute in question, the legislature has stated an "important duty and thus a public policy to report crimes." Pl.'s Resp. at 4.  This contention is dubious at best.  *See U. S. v. Zimmerman*,

943 F.2d 1204, 1214 (10th Cir. 1991)(noting that C.R.S. 18-8-115 does not create a general duty on the part of a person who sees a crime being committed to stop it or report it); *but see U. S. v. Neal*, 743 F.2d 1441, 1448 (10th Cir. 1984) (noting that the statute imposes a "duty on everyone to report crimes, with an exception for 'any communication privileged by law'").  However, this court need not reach the question of whether the duty to report crimes constitutes a valid public policy exception to the at-will employment doctrine.  Plaintiff's pursuit of the wrongful discharge claim in addition to her Title VII claim is "contrary to established limitations on the nature and reach of the state law claim," is therefore precluded.  *Caspar v. Lucent Techs., Inc.*, 280 F. Supp. 2d 1246, 1249 (D. Colo. 2003).

**4.     Preclusion of Plaintiffs Public Policy Claims**

Colorado courts have precluded the application of the public policy exception where a statute provides a wrongful discharge remedy.  *See Caspar*, 280 F. Supp. 2d at 1249; *see also Malone v. Signal Processing Techs.*, 826 F. Supp. 370, 379 (D. Colo., 1993)(quoting *Lorenz*, 823 P.2d at 107 n.5); *Gamble v. Levitz*, 759 P.2d 761, 765 (Colo. Ct. App. 1988) (summary judgment proper dismissing claim of wrongful discharge based on alleged disability discrimination; no public policy exception available in light of statutory remedy).  Plaintiff, however, argues that such precedent is inapposite because Title VII does not provide a remedy for retaliation based upon her "dutiful reporting of crimes . . . and exercising a right to be free from crime." Pl's Resp. at 7.   Furthermore, Plaintiff asserts that she is allowed to plead claims in the alternative pursuant to rule 8(e)(2) of the Federal Rules of Civil Procedure.

While this rule generally provides a party the ability to "set forth two or more statements of a claim . . . alternately or hypothetically,"Fed. Rule Civ. P. 8(e)(2), such is not true in the instant case.  Title VII forbids employers from retaliating against employees for opposing practices made unlawful therein, or from discriminating against employees because they have "made a charge, testified, assisted, or participated in any manner in an investigation."  42 U.S.C. § 2000e-3(a).  This statute provides an adequate remedy for the retaliation suffered by plaintiff after she reported Defendant Tucker's inappropriate sexual conduct.  Therefore, precedent dictates that her alternate claim of wrongful discharge in violation of public policy is procedurally barred.  *See, e.g., Malone*, 826 F. Supp. at 379 (D. Colo. 1993).

Much like Plaintiff, the plaintiff employee in *Malone* premised her public policy claim upon the retaliatory discharge she suffered because of her complaints about sexual harassment *See Malone*, 826 F. Supp. at 379.  The plaintiff employee also asserted a Title VII retaliation claim against the defendant employer. *Id.* at 373.  The court dismissed her claims, noting that Title VII provided her with adequate remedies to redress the alleged retaliation. *Id.* at 379.

Plaintiff argues that *Malone* is not determinative regarding this motion, and seeks to distinguish her claims by arguing that the retaliation in question relates to her "dutiful reporting of crimes . . . and exercise of her rights to be free from crime," instead of her sexual harassment complaints.  Pl's Resp. at 7.  This argument is but a semantic sleight of hand.  Plaintiff attempts to contort her Title VII claim into state law tort by simply restating it.  No matter how the language is manipulated, Plaintiff's "violation of public policy" claim is still premised on her

-9-

"dutiful reporting" of the sexual harassment she suffered, and her "right to be free" from sexual harassment.  Title VII provides an adequate remedy.  *See* 42 U.S.C. § 2000e-3(a).  Consequently, Plaintiff has not stated a claim upon which relief can be granted.

Plaintiff requests leave to amend the complaint in her response.  (Pl's Resp. at 8).  However, "[a] motion shall not be included in a response or reply to the original motion."  D.C.COLO.LCivR 7.1 C.  Thus Plaintiff must request leave to amend in a separate paper.  *Id.*

*5.*   *Conclusions*

Based on the foregoing it is

ORDERED as follows:

1.  Defendant's motion to dismiss is GRANTED.

2.  The final judgment, when entered, will recite that judgment is entered on third claim for relief, in favor of defendant and against plaintiff and the claim is dismissed with prejudice.

Dated this  _25th_  day of July, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge